**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ALCIDES GOMES,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center,

Respondent.

Case No.: 3:26-cv-03160-RBM-DDL

**ORDER DENYING PETITION WITHOUT PREJUDICE**

**[Doc. 1]**

Pending before the Court is Petitioner Alcides Gomes's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) For the reasons below, the Court **DENIES without prejudice** the Petition.

## I.    BACKGROUND

Petitioner, a citizen of Cape Verde, was admitted into the United States "on a nonimmigration visa" on August 31, 1989. (Doc. 9 at 2.) He was authorized to remain in the United States "for a temporary period not to exceed February 27, 1990." (Doc. 9-1 at 2.) Petitioner "came to the attention" of Immigration and Customs Enforcement ("ICE") on April 29, 2025, "following his arrest by the Dorchester Police Department, Dorchester, MA, for Operating Under the Influence." (Doc. 9-2 at 3.) The following day, Petitioner was detained by ICE, issued a Notice to Appear, and eventually transferred to Otay Mesa

1

3:26-cv-03160-RBM-DDL

Detention Center.  (*See* Doc. 9 at 2.)  On December 19, 2025, Petitioner was provided a bond hearing before an immigration judge.  (*Id.*)  The immigration judge denied bond, citing Petitioner's "2 DUIs 1994, 2000 convictions and most recent 2026 DUI arrest." (Doc. 9-3 at 2.)  Petitioner did not file an appeal of the bond denial order.  (*See* Doc. 9-4.)

On May 4, 2026, the immigration judge denied Petitioner's applications for relief and ordered Petitioner removed to Cape Verde.  (Doc. 9-5 at 3–5.)  Petitioner timely filed an appeal of his removal order to the Board of Immigration Appeals.  (Doc. 9-6.)  Because that appeal remains pending, Petitioner remains detained under 8 U.S.C. § 1226(a).

Petitioner filed the Petition on May 20, 2026.  (Doc. 1.)  The Court referred the Petition to Federal Defenders of San Diego, Inc. ("FDSDI") for evaluation of whether appointment of counsel was appropriate.  (Doc. 2.)  FDSDI timely filed a notice informing the Court that appointment would not be beneficial to Petitioner and declining appointment. (Doc. 7.)  After receiving that notice, the Court set a briefing schedule on the Petition. (Doc. 8.)  Respondent filed their Return to Habeas Petition on June 23, 2026.  (Doc. 9.) Petitioner was authorized to file a reply on or before July 8, 2026, but did not file one.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    DISCUSSION

Liberally construed, the Petition argues that Petitioner's detention has become unreasonably prolonged in violation of the Fifth Amendment's Due Process Clause.  (*See*

2

3:26-cv-03160-RBM-DDL

Doc. 1 at 2, 6–7.)  Specifically, Petitioner argues that he "ha[s] been in detention for 12 months and was denied the right to immigration bond," has not been "receiving adequate medical care for [his diabetes]," and requests release "in order to continue [his BIA appeals process] outside of detention."  (*Id.*)  Respondent argues that (1) Petitioner is lawfully detained under § 1226(a) because the immigration judge already held a bond hearing and denied relief and (2) Petitioner should not be excused from exhausting administrative remedies.  (Doc. 9 at 3–5.)  The Court agrees with Respondent.

Habeas claims are accompanied by a prudential exhaustion requirement.  *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).  The Court may require exhaustion where:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
>
> (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
>
> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted administrative remedies.'"  *Hernandez*, 872 F.3d at 988 (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)).  But a district court may waive the exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void."  *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citations omitted).  Petitioner bears the burden of showing that an excuse for requiring exhaustion applies.  *See Leonardo*, 646 F.3d at 1161.  He has not done so here.

But even if he had, Petitioner still could not succeed on the merits of his claim.  Petitioner appears to bring an as-applied challenge to the length of his detention under

3:26-cv-03160-RBM-DDL

§ 1226(a). But Petitioner already received a bond hearing on December 19, 2025 (Doc. 9 at 2), and the Court does not find it appropriate to order another one.

Furthermore, Petitioner may not seek release based on substandard medical care through a habeas petition. "[A] habeas claim is one challenging the fact of confinement, rather than the conditions of confinement." *Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024); *accord Pinson v. Carvajal*, 69 F.4th 1059, 1069 (9th Cir. 2023) ("the writ of habeas corpus is limited to attacks upon the legality or duration of confinement") (citation omitted).

## IV.    CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

DATE:  July 9, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-03160-RBM-DDL